IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTRELL TEEN, #461504, )
)
       Plaintiff, )
)
vs. ) Case No. 18−cv−1473−JPG
)
DEBORAH HALE, )
)
       Defendant. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In *Teen v. John Doe 2*, Case No. 18-cv-992-JPG (S.D. Ill. April 19, 2018), Plaintiff Antrell Teen, an inmate in St. Clair County Jail, brought suit for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), two claims against Defendant Deborah Hale were severed from that action to form the basis for this action, Case No. 18-cv-1473-JPG. This case is now before the Court for a preliminary review of those claims pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

The allegations in Plaintiff's Complaint (Doc. 3) relevant to this severed action are as

follows: since December 2017, Plaintiff has submitted sick call forms and complaint forms requesting dental care, to no avail. (Doc. 3, p. 2). Previously, in May 2017, Nurse Bonnie (who is not a defendant) told Plaintiff that Nurse Hale said Plaintiff "won't be going to the Dentist again." *Id.* Plaintiff was last seen by a dentist in 2016, despite his having informed health care staff that he is in extreme pain and has a hole in a tooth affecting his daily activity. *Id.* In 2018, Plaintiff has not been scheduled to see a dentist despite these symptoms. *Id.* Plaintiff believes that denial of his dental care is retaliatory, based on a civil complaint Plaintiff filed against Deborah Hale and other members of the nursing staff for failure to treat him. *Id.*

## Discussion

In its Severance Order (Doc. 1), the Court designated the following counts to be severed into this *pro se* action. The parties and the Court will continue to use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count A –** Nurse Deborah Hale, in violation of the Eighth Amendment, denied Plaintiff access to dental care from December 2017 through 2018, despite Plaintiff's complaints of severe tooth pain and a hole in his tooth.
>
> **Count B –** Nurse Deborah Hale, in violation of the First Amendment, denied Plaintiff access to dental care in retaliation for Plaintiff's lawsuit against Hale and other nursing staff.

As discussed in more detail below, Counts A and B will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count A – Deliberate Indifference

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious

medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff has stated a claim under this standard against Defendant Hale, given her alleged indifference to his dental problems. Count A will therefore proceed past threshold.

### Count B – Retaliation

To prevail on a § 1983 claim of First Amendment retaliation, Plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future"; and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citation omitted)). Plaintiff has stated a claim against Defendant Hale under this standard, given her allegedly retaliatory motive for denying him care based on his lawsuit against her. For this reason, Count B will proceed past threshold.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS A** and **B** will **PROCEED** against **DEBORAH HALE**.

**IT IS FURTHER ORDERED** that as to **COUNTS A** and **B**, the Clerk of Court shall prepare for **HALE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of service, to the extent authorized by the federal rules.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Hale is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED: September 6, 2018**              **s/J. Phil Gilbert**
                                          **United States District Judge**