IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTRELL TEEN, #Y35968, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-01473-JPG |
| | ) | |
| DEBORAH HALE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter comes before the Court for consideration of a Motion for Summary Judgment filed by Nurse Deborah Hale. (Doc. 52). For the reasons set forth below, the summary judgment motion is **GRANTED**.

### BACKGROUND

This case was opened after Teen brought a civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for miscellaneous constitutional deprivations at St. Clair County Jail. *See Teen v. John Doe #1*, Case No. 18-cv-992-JPG (S.D. Ill.) ("prior case"). The prior case contained claims that were improperly joined therein. Therefore, on August 7, 2018, the Court severed two claims against Nurse Hale and opened this new case to address them. (*See* Docs. 1 and 2).

Count A is an Eighth Amendment deliberate indifference claim against Nurse Hale for denying Teen access to dental care from December 2017 through 2018. (*See* Docs. 1-3). Count B is a First Amendment claim against Nurse Hale for denying Teen access to dental care in retaliation for filing a lawsuit against her and other nursing staff. (*Id.*). Plaintiff was allowed to proceed with both claims following preliminary review of this matter pursuant to 28 U.S.C. § 1915A. (*See* Docs. 3 and 9).

1

Nurse Hale moved for summary judgment on March 19, 2020. (Doc. 52). She seeks dismissal of Count A because the undisputed facts demonstrate that she was, at no time, deliberately indifferent toward Teen. She seeks summary judgment on Count B because the facts show that Nurse Hale did not violate Teen's First Amendment rights by retaliating against him. Nurse Hale asks the Court to grant summary judgment in her favor on both claims. (*Id*.). She relies primarily on Plaintiff's deposition (Doc. 53-1), the Declaration of Deborah Hale (Doc. 53-2), Plaintiff's medical records (Doc. 53-3), and the Affidavit of Bonnie Jones (Doc. 53-4). Teen filed a response in opposition to the motion on June 26, 2020. (Doc. 61). He omits responses to most of Nurse Hale's proposed findings of fact and instead proposes a new set of facts. *Id*. On July 13, 2020, Nurse Hale filed a reply brief in order to address these new proposed findings of fact. (Doc. 62). The Court has considered all submissions of the parties.

### FINDINGS OF FACT

**A.  The Parties**

Plaintiff Antrell Teen was incarcerated at St. Clair County Jail at all times relevant to the allegations in the Complaint. (Doc. 53, ¶ 1; Doc. 61, ¶ 1; Doc. 62, ¶ 1). Defendant Deborah Hale was employed as a nurse at the Jail. (Doc. 53, ¶ 2; Doc. 61, ¶ 3; Doc. 62, ¶ 3). While a prisoner, Teen filed a Complaint alleging that Nurse Hale responded to his serious dental conditions from December 2017 through 2018 with deliberate indifference and also retaliated against him for filing lawsuits against her and other nursing staff at the Jail. (Doc. 3; Doc. 53, ¶¶ 3-4; Doc. 62, ¶ 2). At all times relevant to this action, Teen was a convicted person. (Doc. 1, p. 4 at n.5).

### B.     Plaintiff's Dental Care

####       1.     Background Information

By way of background information only, Teen explains that his complaints of dental decay, pain, swelling, and infection date back to his pretrial detention at the Jail in December 2015. (Doc. 61, ¶ 4; Doc. 62, ¶ 4). On November 29, 2016, he was sent to an off-site dentist for extraction of three wisdom teeth. (Doc. 61, ¶ 5; Doc. 62, ¶ 5). The plan was to extract another tooth at a later date. (*Id*.). When he was not sent for the follow-up appointment, Teen brought a lawsuit against four nurses (including "Nurse Deborah") for the denial of dental care at the Jail from December 2015 through November 2016. *See Teen v. Nichols*, Case No. 18-cv-13-JPG (S.D. Ill. filed Jan. 4, 2018). Following preliminary review of the matter, the Court allowed him to proceed with a Fourteenth Amendment dental claim against two nurses, but dismissed his claim against two other nurses (including "Nurse Deborah") at screening. *See Teen v. Nichols*, Case No. 18-cv-13-JPG (Doc. 6).

Teen's symptoms eventually returned. (Doc. 61, ¶ 6). On October 26, 2017, he submitted a Health Services Request Form to report an "exposed nerve [that was] infected again." (Doc. 61, ¶ 6; Doc. 62, ¶ 6). He allegedly gave the form to Nurse Bonnie, who is not a party to this action. (*Id*.). On November 4, 2017, he complained of his "preexisting issue, severe pain, [and stated that he] can't eat." (*Id*.). He also submitted another Health Services Request Form electronically at the kiosk on November 10, 2017. (*Id*.). Teen was called to the medical unit and prescribed Tylenol and amoxicillin on or around November 10, 2017. (*Id*.). Someone told him that Nurse Hale would refer him to a dentist. (*Id*.). Plaintiff included none of these allegations in the underlying Complaint, but offers them in opposition to the summary judgment motion. (*Id*.).

2. Undisputed Facts

The instant action focuses only on Teen's claims against Nurse Hale for the denial of dental care and retaliation from December 2017 through 2018. (Doc. 3; Doc. 53, ¶ 5). Inmates who seek medical care at the Jail may use a Health Services Request Form to ask for treatment. (Doc. 53, ¶ 6). Requests are submitted to the medical unit electronically through the kiosk or by handing them to a medication pass nurse. (*Id*. at ¶ 7). The requests are triaged based on the seriousness of the medical issue and the necessity for treatment with medical personnel. (*Id*.).

On December 6, 2017, Teen met with medical staff to address complaints of a toothache. (*Id*. at ¶ 8). At the appointment, he admitted missing several doses of medication. (*Id*.). He was prescribed Tylenol and amoxicillin. (*Id*.).

Teen submitted a Health Services Request Form to complain about his teeth again on May 18, 2018, by giving the request to Assistant Administrator Stockett. (Doc. 53, ¶ 10; Doc. 61, ¶¶ 8, 11; Doc. 61, p. 67; Doc. 62, ¶¶ 8, 11). He did so in response to Major Philip McLauren's instructions[1] to submit a Health Services Request Form for delivery by Assistant Administrator Stockett to Nurse Hale for an appointment, medication, and, if necessary, a dental referral. (*See* Doc. 61, pp. 73-74). A Jail nurse examined his teeth the same day. (Doc. 53, ¶ 11; Doc. 61, ¶ 12; Doc. 61, p. 67). Following the examination, Teen was prescribed Tylenol and amoxicillin, which he would receive for the next sixty days. (Doc. 53, ¶ 11; Doc. 61, ¶ 12; Doc. 62, ¶ 12). He was also given forms to complete for a dental referral. (Doc. 53, ¶ 11).

On June 6, 2018, a dental referral request[2] was submitted on Teen's behalf for "x-rays & extractions as needed (up to 3)." (Doc. 53, ¶ 12; Doc. 61, ¶ 13; Doc. 62, ¶ 13). The referral request

---

[1] Major McLauren addressed Teen's dental complaints on May 16, 2018, while handling an unrelated grievance submitted by him. (*See* Doc. 62, p. 73-74)
[2] Although Teen maintains that Nurse Hale submitted this referral request, Nurse Hale points out that the Jail's physician (Dr. Larson) actually submitted it. (Doc. 61, ¶ 13; Doc. 61, p. 61; Doc. 62, ¶ 13).

4

was approved the following day.  (Doc. 53, ¶ 13; Doc. 61, ¶ 13).  Teen was referred to Familia Dentist for a dental appointment on July 11, 2018.  (Doc. 61, ¶ 13).

In the meantime, he submitted additional requests.  On June 16, 2018, Teen submitted a Health Services Request Form to complain of "ongoing tooth pain, extreme pain daily, cant eat, cant sleep, need pain pills; until I see a dentist or leave this facility."  (Doc. 53, ¶ 14).  He was seen in the medical unit and given Tylenol and amoxicillin.  (Doc. 61, ¶ 14; Doc. 62, ¶ 14).  A note on the form indicated that Teen was given Tylenol and "already referred to dental" on June 7, 2018.  (*Id*.).  On June 21, 2018, a nurse examined Teen's teeth again and provided him with more Tylenol.  (Doc. 53, ¶ 15).  On July 1, 2018, Teen submitted another Health Services Request Form, stating, "Need tooth pulled, extreme pain.  Need an endless supply of pain pills."  (Doc. 53, ¶ 16).  On July 2, 2018, Nurse Hale noted that Teen was referred to the Jail's physician for treatment until he could be seen by the outside dentist.  (*Id*.).  In the meantime, he was given more Tylenol and amoxicillin.  (Doc. 52, ¶ 17; Doc. 61, ¶ 15; Doc. 62, ¶ 15).

On July 11, 2018, Teen received dental treatment at Familia Dental, and Nurse Hale was listed as the contact person on the referral form.  (Doc. 53, ¶ 18; Doc. 61, ¶ 16; Doc. 62, ¶ 16).  When he returned from his appointment, the Jail's physician prescribed him a special "soft dental diet."  (Doc. 53, ¶ 19).  He was also prescribed pain medication and antibiotics.  (*Id*.).

3. Other Disputed Facts

Teen claims he complained about his dental issues to Nurse Bonnie daily during nurse pass in May 2018.  (Doc. 61, ¶ 9; Doc. 62, ¶ 9).  Nurse Bonnie told him that Nurse Hale was aware of his dental condition and would not schedule him for a dental appointment, an assertion that both nurses dispute.  (Doc. 61, ¶ 9; Doc. 62, ¶¶ 9, 10).  He also brought up the issue at a grievance hearing on an unrelated matter the same month, and the Administration (Major McLauren)

5

instructed Nurse Hale to schedule him for a dental appointment. (Doc. 61, ¶ 10; Doc. 62, ¶¶ 3, 10). Following his dental appointment on July 11, 2018, Teen claims he was sent to his cell without the medication, gauze, or salts prescribed by the dentist. (Doc. 61, ¶ 17; Doc. 62, ¶ 17). Within an hour, he began suffering pain. (Doc. 61, ¶ 18; Doc. 62, ¶ 18). Every half hour, Teen complained and was told that his complaint was referred to medical. (*Id*.). He waited seven hours for his medication and overnight for his gauze and salts. (Doc. 61, ¶ 18; Doc. 62, ¶ 11). Teen asserts that Hale was in the office during this time period. (*Id*.).

**C.     Retaliation**

Teen admittedly does not know Nurse Hale's job duties. (Doc. 53, ¶ 20). He also does not know whether she instructed anyone at the Jail to ignore his sick call requests. (*Id*. at ¶ 21). Nurse Bonnie Jones is a non-party who states that Nurse Hale did not tell her Teen would not be going to the dentist again. (*Id*. at ¶¶ 22-23). Nurse Jones further asserts that she never relayed this message to Teen. (*Id*. at ¶ 24).

## LEGAL STANDARD

Summary judgment is appropriate only if the moving party can show "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the burden of establishing that no material facts are genuinely disputed. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Id*.

When presented with a motion for summary judgment, the Court does not decide the truth of the matters presented, and it cannot "choose between competing inferences or balance the relative weight of conflicting evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986); *Hansen v. Fincantieri Marine Grp., LLC,* 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir 1994). Once a properly supported motion for summary judgment is filed, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The Court must then "view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen*, 763 F.3d at 836. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" then a genuine dispute of material fact exists. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

## ANALYSIS

**A.    Count A - Dental Claim**

The Eighth Amendment prohibits cruel and unusual punishment of convicted persons. *See* U.S. CONST., amend. VIII. The Amendment safeguards inmates against pain and suffering that serves no penological purpose. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The Eighth Amendment also imposes an obligation on prison officials to provide inmates with adequate medical care for serious medical conditions. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). An Eighth Amendment claim arising from the denial of dental care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439-40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (*i.e.*, an objective standard) and the defendant responded to it with deliberate indifference (*i.e.*, a subjective standard). *Id.*

A condition is considered sufficiently serious if it "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th

Cir. 1997). A condition is also considered serious if the failure to treat it could result in the unnecessary and wanton infliction of pain. *Gutierrez*, 111 F.3d at 1373. The Seventh Circuit has long recognized that dental care is "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). *See also Berry v. Peterman*, 604 F.3d at 440 ("Tooth decay can constitute an objectively serious medical condition because of pain and the risk of infection."). The parties do not dispute that Teen's dental condition was objectively serious.

The question for the Court, then, is whether Nurse Hale responded to Teen's dental condition with deliberate indifference. An individual defendant is deliberately indifferent when she knows of a serious risk to the prisoner's health but consciously disregards the risk. *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citation omitted). Negligence, gross negligence, or even recklessness does not support an Eighth Amendment claim. *Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006). The deliberate indifference standard "approaches intentional wrongdoing." *Holloway*, 700 F.3d at 1073. This analysis requires the Court to evaluate the "totality of an inmate's medical care." *Petties v. Carter*, 836 F.3d 722, 728-29 (7th Cir. 2016).

The Court finds that Nurse Hale did not respond with deliberate indifference to Teen's dental problems between December 2017 and 2018. Her direct involvement in this matter did not begin until May 2018 and ended in July 2018. During this time, Teen was examined and given medication for pain and infection (mid-May 2018), referred to an outside dentist (June 6-7, 2018), and treated by an outside dentist (July 11, 2018). Between his initial appointment in the medical unit in mid-May and his appointment with a dentist in mid-July, Teen received regular and ongoing medical care from the Jail's medical staff. This included an examination, pain medication, antibiotics, and referral paperwork on May 18; a dental referral on June 6-7; examination, pain medication, and/or antibiotics on June 16, June 21, and July 2; dental treatment with an outside

provider on July 11; and post-dental care from the Jail's physician in the form of a soft diet, pain medication, gauze, and salts on July 11 and 12.

Nurse Hale's personal involvement in this matter was limited to facilitating this treatment. She specifically noted the referral to an outside dentist in a medical note entered July 2, 2018 (just before a federal holiday) to occur the following week on July 11, 2018 (just after the federal holiday). Teen did not seek treatment on an emergency basis. He sought pain medication until the dental appointment, which Nurse Hale noted that he received. Given the totality of the circumstances, the Court finds that Nurse Hale's conduct falls far short of deliberate indifference.

Teen would like to expand the scope of Count A to include the denial of dental treatment dating back to December 2015. He refers to complaints and requests for dental care dating back to that time period, but his complaints from December 2015 through November 2016 form the basis of another lawsuit. *See Teen v. Nichols*, Case No. 18-cv-13-JPG (S.D. Ill. filed Jan. 4, 2018). His claims against "Nurse Deborah" did not survive screening, and he did not seek to reinstate his claim against her in that lawsuit or this one. Any events involving Nurse Deborah between December 2015 and November 2016 are not part of this action.

Teen also refers to complaints or requests for dental care submitted in October and November 2017. These encounters occurred before the events giving rise to Count A against Nurse Hale. Teen mentioned none of the October or November complaints or requests in his Complaint. (Doc. 3). Moreover, Nurse Hale was not personally involved in any of them.

Teen's claim against Nurse Hale arises more from his conversations and interactions with another nurse—Nurse Bonnie. Time and again, he refers to verbal complaints and treatment requests that he directed to that nurse. Some conversations pre-date the allegations in the Complaint, but many occurred in May 2018. Teen maintains that this nurse repeatedly failed to

9

set up dental appointments for him based on statements she attributed to Nurse Hale—statements both nurses dispute. Teen could have named Nurse Bonnie as a defendant in this action, but he chose not to do so.

Regardless, he cannot proceed with his Eighth Amendment claim against Nurse Hale based on her supervisory role, if any, over Nurse Bonnie (or anyone else). The doctrine of *respondeat superior* is inapplicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Liability instead hinges on personal responsibility for the deprivation of a constitutional right. *Id*. (citation omitted). Teen has failed to show any personal involvement by Nurse Hale in the violation of his rights under the Eighth Amendment from December 2017 through 2018. Accordingly, Count A shall be dismissed with prejudice against this defendant.

**B.      Count B - Retaliation Claim**

Teen also claims that Nurse Hale retaliated against him by denying him dental care. A First Amendment retaliation claim requires the plaintiff to show that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendant's actions. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012).

The only prong Teen can satisfy is the first one—he engaged in constitutionally protected speech by filing a lawsuit against several nurses. *See Teen v. Nichols*, Case No. 18-cv-13-JPG (S.D. Ill. filed Jan. 4, 2018). However, there is absolutely no evidence to support the other two elements of this claim. Beyond his own speculation and conjecture, Teen offers no evidence that Nurse Hale was motivated by the prior lawsuit (which was dismissed against her at screening) to deny, delay, or otherwise prevent his dental treatment. Quite the contrary, Teen received treatment with an outside dentist less than two months after he alerted staff at the Jail that his dental problems

were ongoing in May 2018.  In the interim, he was provided with regular, prompt treatment for his symptoms by medical staff, including Nurse Hale.  The Court finds that no genuine issue of material fact precludes summary judgment in favor of Nurse Hale on Count B.  Accordingly, Count B shall be dismissed with prejudice against her.

### DISPOSITION

For the reasons set forth above, Defendant Deborah Hale's Motion for Summary Judgment (Doc. 52) is **GRANTED**.  *See* SDIL-LR 7.1(c); FED. R. CIV. P. 41(b) and 56(e).  This action, including **COUNTS A** and **B**, is **DISMISSED** with prejudice against Defendant **HALE**.  All other pending motions (Docs. 65, 76, and 80) are **DISMISSED** as **MOOT**.

If Teen wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Teen plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If he does choose to appeal, Teen will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2).  Moreover, if the appeal is found to be nonmeritorious, Teen may also receive a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

DATED: 3/31/2021                                    s/J. Phil Gilbert
                                                               **J. PHIL GILBERT**
                                                               **United States District Judge**