IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTRELL TEEN, #Y35968,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 18-cv-01473-JPG |
| | ) |
| **DEBORAH HALE,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff Antrell Teen's Motion for Reconsideration (Doc. 84) of Order Dismissing Case (Doc. 82) and Judgment (Doc. 83) entered March 31, 2021. In the motion for reconsideration, which was filed just one week after entry of the judgment, Teen seeks to have the Court's dismissal of this case and corresponding judgment reconsidered. **For the reasons set forth below, the Court states that it would GRANT in part and DENY in part the motion for reconsideration (Doc. 84), if the Seventh Circuit Court of Appeals were to remand for that purpose.**

#### JURISDICTION

Before addressing the post-judgment motion, the Court must first consider whether it has jurisdiction to do so. The Court entered an Order Dismissing Case (Doc. 82) and Judgment (Doc. 83) on March 31, 2021. Teen filed a motion for reconsideration on April 7, 2021. (Doc. 84). While the motion for reconsideration was still pending, Teen filed a notice of appeal on April 16, 2021. (Doc. 85).

A notice of appeal normally "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58

1

(1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000).  If a party prematurely files a notice of appeal before the court has acted on a timely-filed Rule 59(e) motion (or a Rule 60 motion filed within 28 days after entry of the judgment), like Teen did in this case, the notice of appeal becomes effective only after entry of the order disposing of that motion.  FED. R. APP. P. 4(a)(4)(B)(i); *see Katerinos v. United States Dep't of Treasury*, 368 F.3d 733, 737 (7th Cir. 2004). Until that time, "the appeal is suspended—dormant—unripe." *See Florian v. Sequa Corp.*, 294 F.3d 828 (7th Cir. 2002) (citing FED. R. APP. P. 4(a)(4)(A)(iv), (B)(i)).

Despite the fact that Teen filed a notice of appeal, the Court still has jurisdiction to decide the pending motion for reconsideration.  Further, Rule 62.1(a) of the Federal Rules of Civil Procedure grants this Court the authority to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  *Id.*  The Court takes the second and third course of action.

## BACKGROUND

The underlying case was severed from a civil rights action that Teen brought pursuant to 42 U.S.C. § 1983 for miscellaneous constitutional deprivations at St. Clair County Jail ("Jail"). *See Teen v. John Doe #1*, Case No. 18-cv-992-JPG (S.D. Ill.).  Relevant to this case, Teen alleged that St. Clair County Jail Nurse Deborah Hale retaliated against him for filing lawsuits against the nursing staff by responding to his complaints of a toothache with deliberate indifference while he was a prisoner at the Jail from December 2017 through July 2018.  This case focuses on two claims against Nurse Hale: **Count A -** an Eighth Amendment deliberate indifference claim against Nurse Hale for denying Teen access to dental care from December 2017 through 2018; and **Count B -** a

2

First Amendment claim against Nurse Hale for denying Teen access to dental care in retaliation for filing a lawsuit against her and other nursing staff.  (*See* Docs. 1-3).

Nurse Hale moved for summary judgment on March 19, 2020.  (Doc. 52).  She sought dismissal of Count A because the undisputed facts demonstrated no deliberate indifference on her part to Teen's dental needs.  She sought summary judgment on Count B because the facts showed that Nurse Hale did not violate Teen's First Amendment rights by retaliating against him.  (*Id.*).

Teen opposed the summary judgment motion.  (*See* Doc. 61).  He omitted responses to most of Nurse Hale's proposed findings of fact and instead offered a new set of facts.  (*Id.*).  Many pertained to events that occurred before the relevant time period and formed the basis of another lawsuit against the Jail's nursing staff, including "Nurse Deborah."  *See Teen v. Nichols*, No. 18-cv-00013-JPG (S.D. Ill.) (Doc. 6).  All claims against Nurse Deborah were dismissed without prejudice from that action, and Teen did not reassert them in the prior case or in this action.  *Id*.

Teen also devoted considerable attention to his interactions with Nurse Bonnie in May 2018.  (Doc. 61, ¶ 9; Doc. 62, ¶¶ 9-10).  He repeatedly complained of dental issues to this nurse and claims she failed to schedule a dental appointment on his behalf.  (*Id.*).  For whatever reason, Teen did not name Nurse Bonnie as a defendant in this action—only her supervisor, Deborah Hale.

Even by Teen's own account, Nurse Hale's involvement in his care between December 2017 and July 2018 was very limited.  From December 2017 until April 2018, he refers to virtually no involvement on her part.  In mid-May 2018, Nurse Hale was instructed to schedule Teen for a dental appointment upon receipt of a new health services request form, after he complained about his dental issues to a high-ranking official in connection with an unrelated grievance.  At the official's direction, Teen then submitted a health services request form to another individual, Anita

3

Sprockett, for delivery to Nurse Hale. It is unclear whether the form ever reached Nurse Hale, and it is of no consequence. Teen was scheduled for an appointment with a nurse (not Nurse Hale) one day later. At the appointment, he was provided with an examination, referral paperwork for his completion and return, and Tylenol and amoxicillin for pain and infection. When he returned the referral paperwork, Teen was scheduled for an appointment with an offsite dentist on June 6, 2018 to occur on July 11, 2018. Although Teen asserted that Nurse Hale scheduled this appointment, the referral form listed Dr. Larson, not Nurse Hale. And, although he made subsequent non-emergency complaints about his dental issues in June 2018, they were handled by non-parties, not Nurse Hale.

For the first time on July 2, 2018, Nurse Hale addressed a non-emergency health services request form that Teen submitted one day earlier. (Doc. 53, ¶ 16). In it, Teen stated, "Need tooth pulled, extreme pain. Need an endless supply of pain pills." (*Id.*). Nurse Hale noted that Teen was referred to the Jail's physician for treatment until he could be seen by an outside dentist. (*Id.*). At the time, Teen was scheduled to meet with a dentist on July 11, 2018, just after the holiday weekend. (*Id.* at ¶ 18; Doc. 61, ¶ 16; Doc. 62, ¶ 16). He was provided with Tylenol and amoxicillin in the meantime. (Doc. 52, ¶ 17; Doc. 61, ¶ 15; Doc. 62, ¶ 15).

Teen received dental treatment as scheduled at Familia Dental on July 11, 2018, and Nurse Hale was listed as the contact person on his paperwork. (Doc. 53, ¶ 18; Doc. 61, ¶ 16; Doc. 62, ¶ 16). When Teen returned from the appointment, the Jail's physician prescribed him a special "soft dental diet," pain medication, and antibiotics. (Doc. 53, ¶ 19). Teen complained that he was sent to his cell without gauze and medication, and he blames Nurse Hale because she was one of at least three medical staff on duty at the time. (*Id.*). After complaining to correctional officers, not Nurse Hale, Teen received medication seven hours later and gauze the next day. (*Id.*).

The Court found that no genuine issues of material fact precluded summary judgment in favor of Nurse Hale on the claim of deliberate indifference to Teen's dental needs. (Doc. 82). The fact that Nurse Hale was instructed to set up a dental appointment for Teen in mid-May did not amount to deliberate indifference, particularly in light of the fact that Teen delivered his requests for dental care to another person and was examined and treated the following day and referred for a dental appointment in early June 2018. Nurse Hale's role in Teen's treatment was instead limited to early July 2018. Her response to one of Teen's complaints on July 2, 2018, her name as a contact for Familia Dental during his treatment on July 11, 2018, and her presence at the Jail following Teen's return from treatment the same day did not amount to deliberate indifference. It appears that Teen instead named the nurse as a defendant based on her supervisory role at the Jail, which is not enough to support a claim against the nurse at all, let alone one that survives summary judgment. The doctrine of *respondeat superior* is not recognized under Section 1983. Therefore, Nurse Hale's leadership role, alone, did not give rise to liability for anyone else's misconduct. The Court further found that the retaliation claim was utterly undeveloped, arose from bald assertions of retaliation unsupported by facts, and suggested no causal link between his prior lawsuits and any denial of dental care.

After considering the submissions of both parties, the Court granted Nurse Hale's motion for summary judgment and dismissed both claims against her with prejudice. (Docs. 82 and 83). Plaintiff's motion for reconsideration followed a week later. (Doc. 84).

## MOTION FOR RECONSIDERATION

Teen seeks reconsideration of the Order Dismissing Case and Judgment. (Docs. 82-84). He claims that he was unable to present facts sufficient to overcome summary judgment because Nurse Hale did not comply with Magistrate Judge Mark Beatty's Order, dated October 10, 2019,

compelling certain discovery responses. (*Id*. at 2). Teen maintains that Nurse Hale provided evasive and incomplete responses to his written discovery requests seeking the nurse's job duties, daily activities, and role in scheduling off site appointments. She also failed to produce a copy of all electronically submitted sick call requests addressing dental issues. Had he received complete discovery responses, Teen believes he would have been able to demonstrate the nurse's direct personal involvement in a deprivation of his constitutional rights by showing the nurse's awareness of his dental issues, her deliberate indifference to them, and the emergency nature of his requests after returning from the dentist. Teen states that he filed a document that "resembles rule 37 provisions" to address this discovery dispute on February 25, 2020. Along with his motion for reconsideration, Teen also submitted a copy of the deposition transcript of Brandy Nichols taken in another case on November 13, 2020.

### APPLICABLE LEGAL STANDARD

The motion for reconsideration, which was filed within 28 days of the Order Dismissing Case (Doc. 82) and Judgment (Doc. 83), is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Under Rule 59(e), the Court has an opportunity to correct its own manifest errors of law or fact and to consider newly-discovered material evidence. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). *See also Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) ("[A] Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence.") (internal quotations omitted). The Seventh Circuit has made it clear, however, that the rule "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."

*Moro*, 91 F.3d at 876; *Cassie National de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous Motion."). Rule 59(e) authorizes relief only in "exceptional cases." *Willis v. Dart*, 671 Fed. App'x 376, 377 (7th Cir. 2016) (quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). *See also Sigsworth*, 487 F.3d at 511-12.

## DISCUSSION

Rule 59(e) cannot be used to circumvent deadlines for litigation contained in the scheduling order, the procedures that govern litigation, or the scope of discovery. Teen's belated "notice" represents his attempt to do all three. (Doc. 50). Although this Court would, out of an abundance of caution, grant the motion for reconsideration only to address the "notice" as a third motion to compel, the Court would deny the discovery motion and leave the Order Dismissing Case (Doc. 82) and Judgment (Doc. 83) unchanged.

According to the Scheduling and Discovery Order entered April 17, 2019, the parties' deadline to complete all discovery was February 18, 2019. (Doc. 25). Teen filed his "notice" of non-compliance a week after this deadline expired. (Doc. 50). Given that Teen did not identify the "notice" as a "motion to compel," the Court did not treat it as such. Had he intended it to serve that purpose, Teen could have requested court action on the "notice" in writing or at the status conferences that occurred in October 2020 or January 2021. (*See* Docs. 70 and 73). Teen failed to do so.

In the motion for reconsideration, Teen now claims that he might have obtained the information necessary to survive summary judgment had the Court addressed the "notice" as a

7

motion to compel and ordered disclosure of certain additional information.  If remanded for that purpose, the Court would grant the motion for reconsideration, only to the extent that it would construe the "notice" as a third motion to compel and address the motion.  However, the Court would deny the third motion to compel against the following backdrop.

Teen served Nurse Hale with several sets of written discovery during the course of litigation.  On July 30, 2019, he filed a motion to compel responses to certain written interrogatories and requests for production of documents.  (Doc. 32).  Following a hearing on the motion on October 10, 2019, Magistrate Judge Beatty entered an Order granting in part and denying in part the motion.  (Doc. 37).

Nurse Hale was ordered to confirm that all sick call records were produced and file a notice of compliance listing all steps taken to ensure that the records were produced.  As to Plaintiff's Interrogatory/Requests No. 1 and 2 (*i.e.*, seeking Nurse Hale's job description and job duties), Nurse Hale was ordered to produce a copy of her job description.  As to Plaintiff's Interrogatory/Request No. 3 (*i.e.*, seeking the names, titles, and duties of other staff members who scheduled inmate medical and dental appointments outside the Jail), Nurse Hale was also ordered to supply the requested information for the relevant time period. As to Plaintiff's Interrogatory/Request No. 4 (*i.e.*, seeking the names, titles, and duties of staff members responsible for responding to, investigating, and deciding inmate sick call requests), the Court denied Teen's motion to compel a response.  (*Id*.).  Teen's separate motion to serve additional interrogatories (Doc. 34) was also denied.  (*Id*.).

On October 25, 2019, Nurse Hale filed a Notice of Compliance in which she confirmed her production of additional discovery responses and documents. (*See* Doc. 40).  This included a copy

of her job description and a list of her efforts to secure additional sick call requests that may have been in the possession of a third party. (*Id*.). Plaintiff made no objection to the Notice.

Teen then filed a second motion to compel on January 17, 2020. (Doc. 44). In it, he claims that Nurse Hale needed to produce a copy of her job description, specifically as it pertains to certain duties he identified therein (*e.g.*, scheduling appointments for detainees, handling the sick call process, assuring inmates are scheduled to see the doctor, etc.). Along with the second motion to compel, Teen provided a copy of the job description Nurse Hale produced in compliance with Magistrate Judge Beatty's Order compelling her to produce her job description. (*See id*.).

The Court denied the motion, after pointing out that Teen failed to certify any efforts to resolve this second discovery dispute informally before seeking the Court's assistance, as required by Rule 37 of the Federal Rules of Civil Procedure. (Doc. 48). In addition, he could not use a motion to compel to serve new discovery requests on Nurse Hale. (*Id*.). (Had the Court reached the merits of this motion, the Court would have simply denied it because Nurse Hale did, in fact, produce a copy of her job description—which Teen attached to the motion—and that was all the Court required Nurse Hale to do in the Order Compelling Discovery entered October 10, 2019.)

After the close of discovery on February 27, 2020, Teen filed his "notice" of "Defendant's Failure to Comply" in which he again objected to Nurse Hale's production of her job description without an attendant description of her specific role in the sick call process—which Teen said was his "motivating question" when he propounded the discovery. (Doc. 50). He also objected to Nurse Hale's failure to produce sick call requests. (*Id*.). He offered no additional explanation of this objection.

Although Nurse Hale responded to the "notice," the Court did not treat it as a motion to compel discovery, and Teen never sought court action on the "notice" even at a status conference

9

on the matter in October 2020 and January 2020.  (Docs. 70 and 73).  He only now argues that complete responses to his written discovery would have allowed him to obtain the information and evidence necessary to survive summary judgment.  (Doc. 84).

The notice provides no basis for a finding that Nurse Hale failed to comply with the Order Compelling Discovery or, in doing so, stopped Teen from gathering the very information he needed to establish her role in a constitutional deprivation.  In Magistrate Judge Beatty's Order compelling discovery, Nurse Hale was ordered to produce a copy of her job description.  (Doc. 37).  Nurse Hale produced a copy of her job description, and Teen attached it to the Second Motion to Compel.  (Doc. 44, p. 4).  To the extent this job description did not address Teen's motivating question, Nurse Hale was not required to do so.  This would require her to guess what his motivation was and respond to that motivation, instead of the actual interrogatory or request for production of documents.  The Court would thus deny Teen's "notice" if construed as a third motion to compel additional information from Nurse Hale.

Teen's objection to the sick call requests that were/were not produced is too vague to address.  (*See* Doc. 50, p. 1).  He complains that the sick call requests were not timely produced with other initial disclosures.  (*Id*.).  It is unclear whether he objects to sick call requests that may have been withheld altogether, produced in a timely manner but were incomplete, or produced late.  Because Teen's objection is too vague, the Court would deny Teen's "notice" if construed as a third motion to compel sick call requests.

Teen's attempt to use the "Notice" to propound additional interrogatories or expand the scope of discovery would be denied.  The Court already considered and denied a request to serve additional interrogatories.  (Docs. 34 and 37).  Teen did not make another motion to this effect.

He cannot accomplish the same goal by seeking an Order compelling discovery responses to written discovery not yet served or addressed.

Rule 59(e) also provide no vehicle for presenting evidence that was available before entry of the Judgment.  This information would not be considered "newly-discovered," even if Teen located it after entry of the Judgment.  Teen's reference to a voluminous deposition transcript of Brandy Nichols, taken in connection with another matter in November 2020, provides no grounds for reopening this case.  He offers little explanation as to why it should.  He simply provides a complete copy of a 115-page deposition along with his motion for reconsideration.  (Doc. 84, pp. 9-124).  The deposition was taken in connection with the prior action (Case No. 18-cv-00013-JPG) and is not considered "newly-discovered" evidence, given that it was taken before the Court issued the Order Dismissing Case (Doc. 82) and Judgment (Doc. 83) almost five months later.  If the transcript contained information relevant to his claims in this case, Teen should have presented it before entry of Judgment.  Having failed to do so, the Court will not consider the transcript at this time.  This deposition transcript provides no basis for granting the motion for reconsideration.

Upon review of the Order Dismissing Case (Doc. 82) and Judgment (Doc. 83) and the submissions of the parties on summary judgment, the Court finds no error of law or fact that precludes summary judgment in favor of Nurse Hale and no newly-discovery evidence warranting further review of this matter.

## DISPOSITION

For the reasons set forth herein and pursuant to Rule 62.1(a)(2) and (3), Fed. R. Civ. P., the Court would **GRANT** in part and **DENY** in part the Motion for Reconsideration of Order Dismissing Case and Judgment (Doc. 84).  If remanded by the Seventh Circuit Court of Appeals for that purpose, the Court would **GRANT** the Motion for Reconsideration (Doc. 84), only to the

11

extent that it would construe the "Notice" (Doc. 50) filed February 27, 2018, as a Third Motion to Compel and deny the same, and **DENY** in part the Motion for Reconsideration (Doc. 84), to the extent Teen seeks to overturn any aspect of the Order Dismissing Case (Doc. 82) or Judgment (Doc. 83).

    **IT IS SO ORDERED**.

    DATED: **5/3/2021**                              s/J. Phil Gilbert  
                                                        **J. PHIL GILBERT**  
                                                        **United States District Judge**